<u>Brief</u> on Prosecutorial Misconduct, Judicial Misconduct.

RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2020 DEC -7  AM 10: 07

# No. 20-3139

## IN THE
## UNITED STATES COURT OF APPEALS
### for THE TENTH CIRCUIT

---

Richard Chantez Butler
Plaintiff-Appellee

VS.

STATE OF Kansas, et al
Defendant-Appellant

---

Brief of Appellee Pro Se Richard C. Butler

---

UNITED STATES COURT OF APPEALS
Before Honorable(S) LUCERO, MATHESON, and BACHARACH,
Circuit Judges.

Richard Chantez Butler #124313
E.D.F.C.
El Dorado Correctional Facility
El Dorado, KS. 67042

12-02-2020

Please Note: Can the Courts allow me to know that Brief was file and Submit by sending me copy's back.. Please and thank you.

SEE ATTACH!

## WARRANT

STATE OF KANSAS

v.                                                                  19 CR

*Richard Chantez Butler*

THE STATE OF KANSAS, to the Sheriff of Atchison County, Kansas in and for said County.

WHEREAS, an affidavit and/or affidavits or other evidence has been filed with the undersigned Judge at Atchison, Atchison County, Kansas, and the undersigned Judge finds that there is probable cause to believe that on or about the 11th day of *May, 2019*, in Atchison County, Kansas, one *Richard Chantez Butler* then and there being present did commit crimes in Atchison County, Kansas, in violation of the criminal statutes of the State of Kansas, namely:

Criminal threat; Cause terror evacuation or disruption (Felony)
Statute #: KSA 21-5415(a)(1)

Crime: Harass by telecom device; Phone call with intent to abuse/threaten/harass (Misdemeanor)
Statute #: KSA 21-6206(a)(1)(B)

You are, therefore, commanded forthwith to arrest said *Richard Chantez Butler* and bring him/her before a Judge as provided by law.

The amount of the appearance bond to be required is $ 2500.00 C/S [illegible]

WITNESS my hand in Atchison, Atchison County, Kansas, this 12th day of [illegible], 20 19.

_____
JUDGE OF THE DISTRICT COURT

Served by: Kyle Masten #399
of the Atchison Police Department
on 05-12-19, 20__.

16:30

COPY

*merged both cases* — SEE ATTACH! c

# Atchison County Sheriff's Office

## Court Action Log

**DATE:** 05/13/2019

**INMATE NAME:** Richard Butler

**CASE NUMBERS:** 2019CR

**JUDGE:** Bednar, Robert

**ATTORNEY:** None — hire own att

**BOND AMOUNT:** ~~250,000~~ 100,000 c/s [scribbled]

**CONDITIONS:** no contact with victim

**NEXT COURT DATE:** 5/20/19 @ 1300

**OFFICER'S NAME:** A Lee

---

~~2019 CR-~~

2019 CR-126-
ct1 Rape
ct2 agg sodomy
ct3 agg sodomy
ct4 agg kidnap
ct5 agg assault
ct6 agg dom st..
ct7 agg cr. m th

ct8 crim threat
ct9 criminal damag
ct10 Intim.
ct11 Harrassment

Page #1

Brief

RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2020 DEC -7 AM 10:07

12-02-2020

The Dates that follow are filed complaints with the Disciplinary Administrator for the Prosecutor (Sherri L. Becker) opening my legal mail consisting of confidential information between a key witness (Tim Boos), who was also accused of rape by said victim (Laura Kelly) in 2017. Sherri L. Becker had Judge Bednar deny the witness subpoena.

I Also filed a complaint for prosecutorial misconduct for withholding my evidence in both of my trials. Another complaint I filed was because Sherri L. Becker allowed inadmissable evidence to enter my first trial and my second trial... (In my first trial this inadmissable evidence cause a mistrial but was by passed in the second trial.) During the second trial Mrs. Becker took control of the said victim (Laura Kelly) statements which was actually leading the witness... Allowed the victim to Alter/Change her previous statements made in the first trial.. Sherri L. Becker, also picked the Jurier (Joe Bowen) whom worked the grounds maintance for Atchison County Jail. (Joe Bowen and I had contact based on my incarceration

12.02.2020

Page #2

here at said county Jail. I, Richard C. Butler filed the following Complaints to the Disciplinary Administrater on said dates...

10.07.2019  05.08.2020
10.28.2019  05.26.2020
11.04.2019  06.22.2020
02.26.2020

The Dates that follow are of filed complaints with the Kansas Judicial Center for Judge Robert J. Bednar. (Said Judge is about to retire September of 2020) I filed a motion of recusation 3 times for these following reasons... In 2008 Judge Bednar was involved as a Judge in the County of Leavenworth, KS. for a case involving my son (Chantez D. Butler). I brought this to MR. Judge Bednar's and my then Attorney (KiAnn Caprice's) attention that this was a Conflict of interest. Nothing was done about this incident. Judge Bednar allowed the previously mentioned Prosecutor (Sherri L. Becker) to open my legal mail. In particular one containing a confidential conversation between I and Tim Boos. I also filed a motion about said witness (Tim Boos), and Judge Bednar denied and sealed

12.02.2020

page#3

all evidence. Along with the motion for Tim Boos, Judge Bednar denied all motions that my then Attorney and I filed... By doing so that is a violation of my due process. Included in denied motion was a motion about my preliminary hearing exceeding the allowed time requirements. (KSA 2902 states that preliminary court days has to be completed in 10 days) It took 4 months in my case no. 2019-CR-126. Judge Bednar also allowed Prosecutor (Sherri L. Becker) to add five additional charges to my case at preliminary hearing that were not included in the initial police report. I also filed a complaint against Judge Bednar because of a filed police report against said victim (Laura Kelly) for going into my personal bank account at Wells Fargo while I was being detained at Atchison County Jail. (Case No. 1952-79) It was brought to Judge Bednar's attention, but yet has any actions or consequences have been made or established. Before I filed these complaints I wrote to Chief Judge David King and fax Chief Mrs. Robinson of Kansas.

I, Richard C. Butler filed complaints to the Kansas Judicial Center on said dates below. 01.31.2020, 03.11.2020, 05.29.2020, and 07.07.2020.

12.02.2020

page #4

The Dates that follow are of filed complaints with the disciplinary administrator for KiAnn Caprice for unprofessional conduct for calling me (Richard C. Butler) Dumb, A black dumbass, and a Smart ass. These statements were made in the presence of both Deputy Charles Thomas and I. KiAnn Caprice also allowed Mr. Thomas to sit in on our personal relationship with Judge Bednar. Her reasoning for this unprofessional act was that she had a prior arrangement/situation with an inmate (not me). Miss Caprice Also withheld Key evidence which was the (rape kit) that was vital to my trial., That I obtain to in my possession. Which would of proved my innocents. Caprice Also cross examined the witness in my first trial but did not and refused to do so my second trial even after being told to do so. I had 14 witnesses that was going to come forth for my trial, Caprice took away 9 of them and only used 5 which was crucial to my trial.

   I, Richard C. Butler filed the following complaint to the Disciplinary Administrator on said date.

    07.31.2020

12.02.2020

page#5

The conclusion to <u>all</u> of this evidence that I obtain to in my possession provided to show/shed light of the bias, racial, discrimination, and misconduct towards I, (Richard C. Butler) in case no. 2019-CR-126. I filed ineffective assistance of counsel against KiAnn Caprice for alot of these allegations which were later denied by said Judge in this case. It was said by Deputy Charles Thomas and Dedrick Haley #816-804-0554 that KiAnn Caprice was seen in March of 2020 after my trial with the said victim and her family at a restraunt in Atchison, KS. To further shed light on the bias intent caused by this County's Judicial System Judge Bednar knew the victim's Brother-in-law (Charlie Gartemyer) personally. Sherri L. Becker Also had a retation to an associate of Laura Kelly, which was Sherri L. Becker niece Linda Herden. Prosecutor Sherri L. Becker, Judge Bednar, and then Attorney KiAnn Caprice proceeded with inadmissiable evidence during my second trial. This case has fouled my name and caused me great emotional, mental, physical, and spiritual stress. The deformation of my character, my morals, and my Name has

12.02.2020

page # 6

taken a great toll on me, And I'm hoping that Honorable(s) LUCERO, Matheson, and Bacharach can help relieve some of that. That all charges be aquitted.

            Sincerely,
            Richard Chantly Butler
            12-02-2020

## Nature of case

Page #1

A Jury found Richard Chantez Butler, guilty of 5 counts of rape; aggrivated criminal sodomy; aggrivated Kidnapping; aggrivated assault; criminal threat; criminal damage to property. As well as the following misdemeanors: domestic battery; Intimidation of a victim and harassment by a telecommication device.

## Statement of Issues

(Issue I:) The state failed to uphold 5th Amendment rights through Habeas Corpus case No. 2020-CV-01 in The District court of Atchison allowing double Jeopordy.

(Issue II:) The state failed to present sufficient evidence to convict Richard C. Butler of aggrivated Robbery and was not in the original police report.

(Issue III:) The state failed to present sufficient evidence to convict Richard C. Butler on all counts excluding criminal threat and harassment of a telecommuniation device.

(Issue IV:) Prosecutor Sherri L. Becker opened, withheld, read, and copied Richard C. Butler, legal mail containing confidential information regarding my legal matter as key witness MR. Tim BOO'S, before Judge Bednar denied the witness supeona. Complaints were filed to the Disiplinary Admistator offices in Topka, KS.

(Issue V:) The state allowed indismissable evidence to enter my first trial and second trial. First trial ending in mistrial with second having been over looked in front of the juriers.

## Statement of Issues page #2

(Issue VI:) Prosecutor Sherri L. Becker also picked the jurier, Mr. Joe Bowen, whom worked grounds for Atchison County Jail.

(Issue VII:) The state allowed both trials the element of discrimation by having only white jurors and denying all of whom I have chosen. I even put motion in to have mixs jurors of all color.. Deny!

(Issue VIII:) While in custody in Atchison County Prosecutor Sherri L. Becker denied charges that I, Richard C. Butler filed with Atchison Police Department on May 26, 2019 for accessing my personal bank at Wells Fargo this said victim Laura Kelly. (Case No. 19 52-79)

(Issue VIII:) Prosecutor Sherri L. Becker and my then lawyer KiAnn Caprice took away 9 of 14 witnesses. All which were critical to my trial.

(Issue X:) No semen was found on said victim.

(Issue XI:) On the 1st of October 2020, the state collected my, Richard C. Butler, DNA at the Eldorado Correctional Facility.

(Issue XII:) The state was misleading by denying having possession of both audio recordings of victims interview with officer Brian Johnson #348 and my police calls I made to Atchison Police Department asking for a responses.

(Issue XIII:) The state tampering with evidence including photos of the victim.

## Statement of Issue          Page #3

(Issue XIV:) Prosecutor Sherri L. Becker allowed victim to influence one of my, Richard C. Butler, witnesses Dawaun Bailey.

(Issue XV:) Prosecutor Sherri L. Becker mistakingly included my charge of aggrivated kidnapping in Jason Edward Markley's list of charges.

(Issue XVI:) Prosecutor Sherri L. Becker placed myself, Richard C. Butler, in the "C" Box on the sentencing grid after having no prior Kansas convictions.

## Statement of facts

Based on the events of May 13, 2019 up until June 23, 2020.. First events Judge called a mistrial. The prosecution is barred if the defendent was formally prosecuted for the same crime, based upon the same facts, if such former prosecution.

I, Richard C. Butler, have a Bank statement disproving allegations of committing aggrivated robbery against said victim.

There is a police report stating that no kidnapping took place and a rape-kit proving that no rape took place. Both of which were withheld.

Judge Bednar sealed all evidence pertaining to witness Tim Boo's..

The state allowed indissmissable evidence in my second trial which would have lead to another mistrial. All of which the jury has been swayed by in the initial trial.

## Statement of facts

page # 4

There was a conflict of interest by Mrs. Sherri L. Becker allowing Mr. Joe Bowen to be placed as a juror.

A motion was denied to include my chosen Juror.

There is a Bank statement from Wells Fargo proving the said victim, Laura Kelly, unlawfully accessed my bank account while incarcerated in Atchison County Jail.

Prosecutor Sherri L. Becker biaslly denied crucial witnesses on my behalf.

After administoring Rape-kit, No semen was found in said Victim, Laura Kelly.

The prosecutor Sherri L. Becker had K.B.I to get DNA Sample at the prison EDCF to extract DNA sample on Oct. 1st, 2020. A grievance was filed with KDOC.

On September 9th 2020, I received a letter from the District Clerk, Donna M. Oswald, denying possessing copies of crucial audio C.D.'s after Corporal Brian Johnson # 348 confirmed copies having been sent to the District Clerk and County Attorney.

After trial, I was given Black and White photos of victim, when they used colored copies during trial. All were ~~takin~~ later taken from my cell during a cell search... That were a red flag to me..

## Statement of Facts         page #5

I obtain copies of text messages of said victim influenceing my witness.

I obtain copy of Typo committed by prosecutor Sherri L. Becker..

I was sentenced to 508 months in KDOC after wrongfully being placed in the "C" Box on Kansas's sentencing grid.. I have not been in any trouble sent 1999.

## Arguements

(Issue I:) The state failed to uphold 5th & 14th Amendment rights through Habeas Corpus. (Case no. 2020-CV-01) in the district court of Atchison County allowing Double Jeopardy.

The evidence the Prosecutting Attorney brought forth in my Prelimary Hearing, to bound me over for trial was disregarded. Prosecution is barred if the defendent was formally prosecuted for the same crime, based upon the facts. The defendent is in double jeopardy when he is put on trial in a court of competent jurisdiction upon an indictment, information or complaint sufficent inform and substance to sustain a conviction and in the case of trial by jury when the jury has been impaneled and sworn, or when court began to hear evidence. Benton V. Maryland 395 U.S. 784, 23 L. Ed. 2d. 707, 89 S. Ct. 2056 (1969)

## Arguement

page #6

**(Issue II:)** The state failed to present sufficient evidence to convict Richard C. Butler of aggrivated robbery and was not in the original police report.

There was clear evidence, provided in my Wells Fargo bank statement, disproving such claims of robbing said victim, Nonetheless, failing to detour the prosecutor from adding robbery Charges at my Preliminary Hearing.

**(Issue III:)** The state failed to present sufficient evidence to convict Richard C. Butler on all counts, excluding criminal threat and Harassment by a telecommunication device.

The state has a burden of proof to prove that Richard C. Butler raped, kidnapped, and attacked said victim, Laura Kelly. However, the state failed to do so in trial. The state also failed to present a rape-kit, c.o. audio of police phone calls, and interview with said victim. By doing so the prosecutor violated my 5th and 14th Amendment rights.

Richard C. Butler was charged with Kidnapping but the prosecutor failed to show evidence proving such claims. State v. OSI BISA McBride.

## Arguement

**Issue XIII:)** The state tampered with evidence including photos of the victim. The state was misleading by denying having possession of both audio recording of victim's interview with officer Brian Johnson #348 and my phone calls with

page #7

Atchison Police Department requesting a response.

The prosecutor failed to bring fourth photos of the victim in first trial, and after being requested to present them in my second trial, the color photos showed NO marks on the said victim. The prosecutor then sent me black and white photos tampered with of said victim showing marks, violating my 14th Amendment Right of Due Process. I obtain a copy of the letter from officer Brian Johnson to Deputy Thomas stating that all C.D. audio had been handed over to the county clerk, whom lied about possessing, violating my 14th Amendment right of Due Process.

## Arguement

Not only was the Rape-Kit that was adminstored withheld from my trial, it came back negative for finding any semen present in said victim, and a copy has been given to advocate represenative. After arriving at ElDorado Correctional Facility, The KBI on MRS. Sherri L. Becker behalf, extracted a DNA sample from myself on case No. 2019-CR-126 in which I have filed a grievance upon. Copies to be submitted.

## Conclusion

In this Brief on Prosecutorial Misconduct respectfully ask the court that do to the constitutional of law that I, Richard C. Butler receive Justice for my wrong doing

page #8

For the aforementioned reasons, Mr. Richard C. Butler respectfully requests that The District Court of Atchison County reverse all counts, excluding harassment by a telecommunication device, due to lack of sufficient evidence and clear violation of his 5th and 14th Amendment rights and remand to the court with directions to resentece Mr. Richard C. Butler, after a new trial so that Justice may properly be carried out.

Respectfully Submitted;
Richard Chantey Butler
12-02-2020

Richard Chantz-Butler #124313
P.O. Box 311
EDORADO, KS. 67042

- Legal Mail -
Sent out
12.02.2020

Scan
UNITED STATES COURT OF APPEALS
For The Tenth Circuit
1823 STOUT STREET
Denver, COLORADO 80257